IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KIMBERLY WILLIAMS                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 3:11cv128-DPJ-FKB

MISTRAS GROUP, INC.                                          DEFENDANT

ORDER

This employment-discrimination case is before the Court on the Motion of Defendant Mistras Group, Inc. ("Mistras") for Summary Judgment [26].  The Court, having considered the issues and the parties' submissions in light of the applicable standards, finds that Mistras's Motion should be granted in part.

I.      Facts and Procedural History

Plaintiff Kimberly Williams began her employment with Mistras, which performs non-destructive testing for Chevron at its refinery in Pascagoula, Mississippi, on September 28, 2009.  Williams's duties in her position as an accounts-payable and human-resources clerk included handling employee expense checks, processing accounts payable, and conducting background checks on prospective employees.

Approximately ten months after she began working at Mistras, or in July 2010, Williams alleges that fellow employee Russ Gardner began acting inappropriately toward her.  Specifically, Gardner would stop by Williams's office and tell her that he loved her; he did this so frequently that Williams "couldn't count" how many times it happened.  Pl.'s Resp. [32], Ex. A, Williams Dep. 24.  He also left her two love notes that stated only "I love you."  *Id.* at 27.  On one occasion, Gardner asked Williams if she was wearing panties under her dress.  *Id.* at 28–29.

On a separate occasion, Gardner told Williams, in front of several management employees, that Williams "would look good in nothing at all." *Id.* at 23.

On August 16, 2010, Williams reported Gardner's behavior to her supervisor, office manager Christy Maples. Maples spoke with Gardner about the complaint, and Gardner apologized to Williams. Gardner made no further inappropriate comments to Williams thereafter, though Williams testified that he would "walk around with a smirk on his face." *Id.* at 35. Dissatisfied with Gardner's demeanor following his conversation with Maples, Williams complained about Gardner in an email to Dianne Morelli, Mistras's Human Resources Manager in New Jersey, on August 23, 2010. Morelli launched an investigation, which concluded on August 26, 2010. As a result of Morelli's investigation, Gardner was issued a written final warning instructing him to have no further contact with Williams, requiring him to attend sexual harassment training, and indicating that failure to comply with the warning could result in his termination. Williams was satisfied with Morelli's handling of her complaint.

Thereafter, Williams alleges that Mistras began retaliating against her by increasingly criticizing her performance. Ultimately, Mistras terminated Williams's employment on November 19, 2010. After administratively exhausting her claims with the EEOC, Williams commenced this action on January 24, 2011. Williams asserts claims for sexual harassment and retaliation, and Mistras has moved for summary judgment as to both. The Court has personal and subject matter jurisdiction and is prepared to rule.

II.   Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the

moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075 (5th Cir. 1994) (en banc).

III.    Analysis

A.    Sexual Harassment

To establish a prima facie case of harassment, a plaintiff must show that: "(1) she belongs to a protected class; (2) [she] was subjected to unwelcome sexual . . . harassment; (3) the

harassment was based on her sex . . . ; (4) the harassment affected a term, condition, or privilege

of her employment; and (5) her employer knew or should have known of the harassment and

failed to take remedial action." *Arensdorf v. Geithner,* 329 F. App'x 514, 517 (5th Cir. 2009)

(internal quotations and citations omitted).

Mistras argues that Williams's prima facie case fails as to the fourth and fifth elements.

First, Mistras contends that Gardner's two isolated comments, two occasions on which he left

her love notes, and numerous professions of love were neither severe nor pervasive and therefore

did not change the "terms and conditions" of Williams's employment.  The Court agrees.

> [S]exual harassment which does not culminate in an adverse employment decision
> must, to create a hostile work environment, be severe or pervasive.  Incidental,
> occasional or merely playful sexual utterances will rarely poison the employee's
> working conditions to the extent demanded for liability.  Discourtesy or rudeness,
> "offhand comments and isolated incidents (unless extremely serious) will not
> amount to discriminatory changed in 'terms and conditions of employment."

*Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999) (quoting *Faragher v. City*

*of Boca Raton*, 524 U.S.775, 788 (1998)).  The Court looks to the "totality of the circumstances"

when deciding whether conduct is "severe or pervasive," including "the frequency of the

discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a

mere offensive utterance; and whether it unreasonably interferes with an employee's work

performance."  *Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 330 (5th Cir. 2009) (citations

omitted).  The environment must be "objectively offensive, meaning that a reasonable person

would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived

it to be so."  *Stewart*, 586 F.3d at 330 (citation omitted).

The alleged conduct in this case is on par with others where the Fifth Circuit found

insufficient proof of the fourth element.  *See Hockman v. Westward Communications, LLC*, 407

4

F.3d 317, 326 (5th Cir. 2004), *Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 872

(5th Cir. 1999) (affirming summary judgment despite facts more sever than those alleged).

But even if Williams's claim could survive the fourth element, it clearly fails the fifth.

By Williams's own admission, Mistras took prompt remedial action that effectively ended the

complained-of harassment.  Prompt remedial action sufficient to negate a plaintiff's prima facie

case on the fifth element "must be 'reasonably calculated' to end the harassment."  *Skidmore v.*

*Precision Printing & Packaging, Inc.*, 188 F.3d 606, 615 (5th Cir. 1999).  In determining

whether the employer's actions were remedial, the Fifth Circuit "consider[s] whether the

offending behavior in fact ceased."  *Id.* at 616.

Here, Williams's own testimony establishes that her supervisor, Maples, confronted

Gardner the day Williams initially complained about the harassment, Gardner apologized that

day, and he did not "say anything inappropriate after that."  Pl.'s Resp. [32], Ex. A, Williams

Dep. 35.  After that conduct ended, Williams decided to again complain of the original conduct

because Gardner "would walk around with a smirk on his face."  Diane Morelli conducted and

concluded an investigation into the allegations within four days of receiving Williams's

complaint.  That investigation resulted in Mistras issuing Gardner a written reprimand, and

Williams was satisfied with the way Morelli handled the situation.  *Id.* at 71.  Mistras's response

was reasonably calculated to stop Gardner's alleged harassment of Williams, and it did so.

Plaintiff responds to all of this by arguing that she need not establish the fifth element of

the prima facie case because Gardner was "a management official."  Pl.'s Mem. [33], at 4.  *See*

*Reine v. Honeywell Int'l Inc.*, 362 F. App'x 395, 397 (5th Cir. 2010) ("Proof of the fifth element

is not required where, as here, the purported harasser is a supervisor.").  She fails, however, to

direct the Court to any evidence indicating that Gardner had "immediate (or successively higher) authority over" Williams so as to make Mistras vicariously liable for the harassment without regard to whether it failed to take prompt remedial action. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 747 (1998); *see also* Fed. R. Civ. P. 56(c)(1), (3).  Mistras's near-immediate response constitutes "prompt remedial action" as a matter of law, and summary judgment is appropriate on Williams's sexual-harassment claim for this additional reason. *See Skidmore*, 188 F.3d at 616.

> B.     Retaliation

> The Court has determined that oral argument on the retaliation claim is appropriate.

IV.     Conclusion

> For the foregoing reasons, Court finds that Defendant's Motion for Summary Judgment [26] should be granted as to the sexual-harassment claim.

> IT IS THEREFORE ORDERED that Plaintiff's sexual-harassment claim is dismissed with prejudice.

> IT IS FURTHER ORDERED that Plaintiff's retaliation claim will be heard for oral argument on March 9, 2012 at 1:00 p.m.  The parties are relieved of the duty to prepare a proposed pretrial order.

> **SO ORDERED AND ADJUDGED** this the 2nd day of March, 2012.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE